MICHAEL MULLETT, Appellant, v. DOROTHEA SHRUMPH, and WILLIAM SHRUMPH, Administratrix and Administrator of the estate of John E. Mullett, deceased, Appellees.

APPEAL FROM BOND.

A promise by the defendant that he will settle with the plaintiff as soon as he receives his pay for certain work, is a conditional promise; and does not waive the statute of limitations, unless it is proved that he has received his pay.

THIS was a suit instituted by appellees against appellant, at the February term, A. D. 1861, of the Bond County Court, in assumpsit, for work and labor, care and diligence and attention, performed by John E. Mullett, deceased, in his lifetime. Declaration, one common count.

Appellant pleaded the general issue, and statute of limitations.

Verdict for appellees for $245.

Upon the trial, *Samuel Mullett*, being sworn for the plaintiff, stated, that John E. Mullett, deceased, worked himself, with his team, on the Mississippi and Atlantic Railroad, for defendant, 108 days. Said work was worth $2.75 per day. Said work was commenced sometime in the month of June, 1854, and ended in the month of November or December of the same year. On cross-examination, witness states, that he did not keep account of time, but was present when John E. Mullett and defendant agreed upon the amount of work, about the time they quit work; and defendant offered to give John E. Mullett $200 for his work. Witness states, it was for the work; he did not know of any partnership; witness worked with them on the road.

*Benedict Mullett*, for the plaintiff, testified, that John E. Mullett, deceased, between the months of June and December, 1854, worked with his team 108 days for defendant; that said work was worth $2.75 per day; that it was done on the Mississippi and Atlantic Railroad; that he knew of no partnership between John E. Mullett and defendant in relation to the work; that the work was done on two sections of said road, in Madison county, which defendant had taken to grade; that he and preceding witness both worked on said road, at said time, with John E. Mullett, deceased.

*Gaspar Britt*, for the plaintiff, testified, that shortly after the death of John E. Mullett, which occurred in the fall of 1858, (the said John E. Mullett having been his son-in-law, and the administratrix being his daughter), he conversed with the defendant about this account; that he then had John E. Mullett's memorandum book, containing the account of their work on railroad, amounting to ninety-eight days, which he showed defendant; that defendant said that John worked more days than that; that he could not pay it then, for he had no money; that he was going to have some parts of the work measured, and expected to get some money soon, and then he would settle the account. On cross-examination, witness states, that defendant, in the conversation, claimed that there was a partnership arrangement between him and John E. Mullett; that defendant spoke of measuring the work, and

also about a suit for the railroad work, but did not know whether the suit was commenced at that time; that defendant said, when he got the money for the work he would settle.

On behalf of the defendant, *John Wickenhousen* stated, that during the summer and fall of 1854, he did the smithing work for the firm of Mullett & Co., who were at work on a contract of grading on the Mississippi and Atlantic Railroad. That the said smith work was done sometimes at the request of one, and sometimes at the request of others of the Mulletts. That he understood that defendant, John E. Mullett, deceased, Samuel Mullett, and Benedict Mullett, were partners, and comprised the firm of Mullett & Co. That he had often, during that time, heard each of them speak of the partnership, and that it was generally known in the neighborhood that they were partners in said work.

One *Mohman* testified, that in the summer of 1854, he worked as a day laborer in grading on the Atlantic and Mississippi Railroad for the Mulletts; worked two or three days; that said firm was composed of Michael Mullett, (defendant), John E. Mullett, deceased, Samuel Mullett, and Benedict Mullett; (the two last mentioned being the two witnesses first examined for plaintiff); that he was hired by defendant, and discharged by John E. Mullett, deceased; and that it was at the time generally understood in the neighborhood, that the above persons were partners in said work on the railroad.

*John Schlup* testified, that he, in the year 1854, carried on a wagon shop in Highland, Madison county, in partnership with Michael Mullett, defendant, and did wagon work for the Mulletts while at work on the railroad. Knows that they were partners, from frequent conversations with defendant and John E. Mullett; had heard John E. Mullett often speaking of himself as partner in said work, and say how much he expected to make out of it; he thought it would be very profitable. The work was charged to Mullett & Co.

As rebutting testimony for the plaintiff, *Samuel Mullett* testified, that in the spring, before work on railroad was commenced, Michael Mullett proposed to witness, John E. Mullett, and Benedict Mullett, to take an interest in building part of the road, of which Michael Mullett was sub-contractor, and the four should build it in partnership; that afterwards, just before they were ready to commence work, he proposed to Michael Mullett, defendant, that they should make the agreement of partnership before talked of; defendant replied that he would make an agreement with him (witness); but he would not make any agreement with the boys, meaning John

Metcalf v. Fouts.

E. Mullett, deceased, and Benedict Mullett, for he (defendant) would retain authority to dismiss them (John E. and Benedict Mullett) at any time. There was no attempt to close the partnership afterwards, and no agreement made.

*Benedict Mullett* testified, that there was no partnership agreement ever made between defendant, Samuel Mullett, John E. Mullett, and witness; that it was talked of in the spring, but no partnership ever formed as he knew of, and he worked all the time with them.

This was all the testimony submitted in the cause.

By agreement of parties, this cause to be tried by the Supreme Court, at Springfield.

GEORGE W. SHUTT, and L. STEVENSON, for Appellant.

S. C. MOORE, for Appellee.

CATON, C. J. Whatever promise there was in this case, was an express promise. So no implied promise to pay the debt can be raised from an admission that it was due. The express promise was sworn to by Mr. Britt. He says, the defendant said he was going to have the work measured, and expected to get some money soon, then he would settle the account. Again, "that defendant said when he got the money for the work he would settle." This was a conditional promise, and could neither serve for the foundation of an action itself, nor waive the statute of limitations, without at least proving that the defendant had received the money for the work.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*